### Steve Parker v. The State.

No. 7717.    Decided October 10, 1923.

**Wife Desertion—Insufficiency of the Evidence.**

Where, upon .trial of wife desertion, the evidence did not warrant the findings of the jury that the defendant wilfully or without justification deserted his wife, the judgment cannot be sustained. Following Ex parte Strong, 252 S. W. Rep., 768.

Appeal from the County Court of Wichita. Tried below before the Honorable Guy Rogers.

Appeal from a conviction of wife desertion; penalty, a fine of $50 and ten days confinement in the county jail.

The opinion states the case.

*Mathis & Caldwell* for appellant. Cited, O'Brien v. State, 234 S. W. Rep., 668; Marcardo v. State, 218 id., 491; Turner v. State, 209 id., 406.

*W. A. Keeling*, Attorney General, and *C. L. Stone*, Assistant Attorney General, for the State.

MORROW, Presiding Judge.—The conviction is for wife desertion; punishment fixed at a fine of fifty dollars and confinement in the county jail for a period of ten days.

Appellant and his wife were married in Iowa Park on the first day of June, 1922. The prosecution began on the 18th day of July. A baby was born on the 8th of November. Between the first day of June and the 18th day of July, the wife received from appellant but

forty dollars. Appellant was the driver of a delivery wagon for his mother who conducted a grocery business. The State's witnesses were without knowledge of appellant's earnings, but testified that appellant had told his wife he had no money. Prior to the marriage, the prosecutrix had been an inmate of the home of Mrs. Turner, and so continued after the marriage. Mrs. Turner testified for the State that appellant had stated that he was not the father of the child and gave that as a reason for his failure to support her. The prosecutrix was shown to have been arrested in company with another man, to have occupied a room at a hotel in the town of her residence, giving an assumed name. She had frequented dance halls and had been admonished by officers to desist from doing so. She had also been found by peace-officers in a hotel having the reputation of a disorderly house, both before and subsequent to her marriage. There was no evidence that appellant knew of any of these acts of prosecutrix before the marriage or condoned them thereafter. In the condition of the record, the opinion is expressed that the evidence does not warrant the finding of the jury that the appellant wilfully or without justification deserted his wife. The meaning of these terms is discussed in Ex parte Strong, 252 S. W. Rep. 768.

For the reason stated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*